## ZEPP ET UX. *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 369, September Term, 1968.]

*Decided October 8, 1969.*

The cause was submitted on brief to HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

Submitted by *Robert J. Cooke* for appellants.

Submitted by *Francis B. Burch, Attorney General, Joseph D. Buscher, Special Assistant Attorney General, Carl Harrison Lehmann, Special Attorney* and *Thomas S. Glass, Special Attorney,* for appellee.

PER CURIAM.

This is clearly an appeal which never should have been brought.

In October 1964 a condemnation case was filed by the State Roads Commission in the Circuit Court for Carroll County at the request of the landowners to "quick-take" some 16 acres of land for highway purposes. The Commission deposited in court $22,350, which the owners withdrew. In February 1966 the clerk of the Circuit Court put the case on the "Stet Docket" under a rule of the Circuit Court.

In December 1967 the Commission, at the request of the owners, filed an amended petition for condemnation, seeking to condemn only some 10 acres of the property involved. On April 3, 1968, the owners, in response to the amended petition, filed this pleading:

"The consent of the Defendants to the Petition for Leave to Amend heretofore filed by the Plaintiff on the 12th day of December, 1967, in this Honorable Court, repectfully shows unto your Honors:

1. That the amendment set forth in the Plaintiff's Petition for Leave to Amend has been made at the request of the property owner, and as a result the property owner is agreeable thereto and joins with the Plaintiff in request-

ing this Honorable Court to grant the Leave to Amend prayed for in said Petition.

2. It is stipulated and agreed that the date of taking and the date of valuation shall remain unchanged as a result of filing the Amended Petition."

Thereupon the court granted formal consent to the Commission to proceed under the amended petition. Trial was had and the jury returned an inquisition for $20,000, on which judgment was entered. The owners' appeal relies on two alleged errors below.

1. The trial court erred in allowing a case on stet docket to be tried.
2. The court erred in setting the date as of which the property was to be valued as the time of the original taking in 1964 rather than as of December 1967 when the amended petition was filed or in October 1968 when the case was tried.

It is apparent that the appellants, the property owners, stipulated themselves out of the right to raise the contentions they now seek to make. Whatever the status of the case on the stet docket would be otherwise, the owners without doubt either consented to removal of the case from the stet docket or agreed bindingly to treat the amended petition as a new proceeding. Further, the owners bindingly agreed that the date of the taking and the date of valuation should "remain unchanged as a result of the filing of the Amended Petition."

*Judgment affirmed, with costs.*